559 A.2d 113

**POLICE OFFICERS OF the BOROUGH OF HATBORO, Appellant,**

**v.**

**The BOROUGH OF HATBORO, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1988.

Decided May 24, 1989.

248

Leigh P. Narducci, Spring House, Anthony C. Busillo, II, Harrisburg, for appellant.

Adrian L. Meyer, Doylestown, for appellee.

Before DOYLE and COLINS, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

This is an appeal by the Police Officers of the Borough of Hatboro (Police Officers), from an order of the Court of Common Pleas of Montgomery County which affirmed the award of an Arbitration Board (Board) in a dispute between the Borough of Hatboro (Borough) and the Police Officers. In addition, the Borough has filed in this Court a motion to dismiss.

In 1986, the Police Officers and the Borough entered into negotiations for determining wages, benefits and other terms and conditions of their employment including pension deductions for the calendar year 1987. An impasse developed and arbitration was scheduled. On July 12, 1987, the Board rendered an award covering a term of three years, viz. 1987, 1988 and 1989, to be effective January 1, 1987. The Police Officers appealed to the court of common pleas certain provisions of the award which deal exclusively with the Police Officers' pension fund. Those provisions are:

> 6(a) Article VII, Section 2 shall be amended so that *if* under the Act contributions in excess of five (5) percent deducted from the Police Officer's salary are required, the Borough shall contribute toward the Police Officer's

retirement fund up to two (2) percent of the Police Officer's salary in and for the calendar years 1987, 1988, 1989. *If* additional funds are required under Act 600, above the total of seven (7) percent (Officer—5 percent and Borough—2 percent), they shall be deducted from the Police Officer's salary up to the maximum permissible under the Act. (Emphasis added.)

(b) The above item (a) is predicated upon the pension plan as of January 1, 1987 not utilizing any excess investment earnings to increase retirees pension benefits, and further the pension benefits for any officers retiring after the date of the Award shall hereafter be based on their annual base salary excluding therefrom all additional compensation.

(c) In the event that the pension plan is required to include additional compensation in excess of the annual base salary to compute retirement benefits in the future for any reason, then either party should have the right to re-open this Award for the sole purpose of renegotiating the wage provision of the Contract.

In their appeal before the trial court, the Police Officers raised two issues that are relevant to their appeal before this Court.[1] Specifically, they asserted that the Board erred in calculating the pension benefits on their base pay *only*, rather than on their base pay plus overtime and other compensation as was the past practice of the Borough. The Police Officers further claimed that the award wrongfully permits a wage reopening, if the pension plan would be required to be computed upon compensation other than base salary. The trial court upheld the award of the Board and this appeal ensued.

In their appeal to this Court, the Police Officers contend that the Board cannot issue an award which would retroactively diminish the pension rights of members presently existing under the pension system who were hired prior to the implementation and effective date of the award.

---

1. Appellants raised a third issue before the trial court, but that issue has not been raised in this appeal.

We are in full accord with this as a statement of the applicable law. Additionally, they argue that the Board may not delegate possible unresolved issues to a future Act 111 [2] arbitration panel. We must also agree with this statement as a matter of law. The substantive issue, however, is whether those principles apply to the facts presented here. Before that matter can be determined, we must first consider the Borough's motion to dismiss.

The Borough, in its motion, avers that the Police Officers' first issue was not raised below and, therefore, it has not been preserved for this appeal. It also avers that since the Borough has not attempted to adjust the pension plan, and hence the pension fund, the award has become final and *cannot* be reopened, thereby making the Police Officers' second issue moot.

Although this Court recognizes that the Police Officers have restructured the phrasing of their first issue different-ly from the way it was presented to the common pleas court, it is clear that the focus of this issue remains on the alleged change from the past practices of the Borough in its computation of the Police Officers' pension benefits. We, thus believe that this issue has been preserved for appeal.

After considering the Borough's mootness argument, we believe that it is actually arguing that the wage reopening issue is not yet *ripe* for review.[3] The Borough argues in its brief that the pension provision of the award has not yet been changed to include anything except base salary and that the pension plan is not required to include additional compensation; therefore, there is no right to reopen the award or to renegotiate the contract. The argument is that until a party initiates a change, the validity of the reopening provision need not be considered. This begs the question,

2. Act of June 24, 1968, P.L. 237, 43 P.S. §§ 217.1–217.10, popularly known as Act 111, which provides police and firemen with the right to bargain collectively with their public employers regarding the terms and conditions of employment.

3. In the event the Borough means that this issue really is moot, we disagree. Simply because Appellee has not yet adjusted the pension plan, does not mean that it cannot or will not do so in the future.

however, because the primary issue before this Court is whether the Board erred in calculating the pension benefits from the Police Officers base pay only or whether they required the pension plan to include additional compensation. Therefore, it follows logically, that the issue is ripe for our review. Accordingly, we deny the Borough's motion to dismiss.[4]

Having denied the Borough's motion, we must now turn to the merits of the Police Officers' appeal. The Police Officers assert that in their previous pension agreements, it was the practice of the parties to include in the calculation for benefits not only the Police Officers' base pay, but also overtime and other compensation. Therefore, they argue, that by reducing the basis for computing benefits to a calculation using only base pay,[5] the Board has retroactively diminished the pension rights of members.

It is well settled in Pennsylvania that public retirement benefits are viewed as deferred compensation. *McKenna v. State Employees' Retirement Board*, 495 Pa. 324, 433 A.2d 871 (1981); *Wright v. Allegheny County Retirement Board*, 390 Pa. 75, 134 A.2d 231 (1957). This fact confers upon public employees contractual rights protected by both the United States and Pennsylvania Constitutions. *Catania v. State Employees' Retirement Board*, 498 Pa. 684, 450 A.2d 1342 (1982). These contractual pension rights become fixed upon the employee's entry into the system and cannot be subsequently diminished or adversely affected. *Association of Pennsylvania State College and University Faculties v. State System of Higher Education*, 505 Pa. 369, 479 A.2d 962 (1984); *Catania.* Both parties can, however, change the pension plan by mutual consent. *Baker v. Retirement Board of Allegheny County*, 374 Pa. 165, 97 A.2d 231 (1953). Therefore, under the

**4.** The Borough raises an additional issue in its brief in support of its motion to dismiss that was not raised in its application for relief and, therefore, it is deemed waived. *See* Pa.R.A.P. No. 123(a).

**5.** Those portions of the award that are disputed here are Sections 6(a) and (b), above.

laws of this Commonwealth, the Board cannot unilaterally diminish the pension rights of those Police Officers that had entered the system prior to January 1, 1987, the effective date of the award. However, those Police Officers who entered the pension system on or after January 1, 1987, are not afforded the same protection and can be subject to the new provisions of the pension award.

The issue that we must determine then is whether the Board changed the pension benefits for those Police Officers who entered the system prior to January 1, 1987, and whether that plan will adversely affect the Police Officers' rights under the old pension system.

In order to make this decision, it is necessary to determine whether the Borough and the Police Officers ever mutually agreed to include compensation, other than base wages, in their pension fund. This requires a careful examination of the prior collective bargaining agreement of the parties. The Police Officers argue that the specific method of funding the pension plan was not delineated by the agreement itself. Rather, they assert that the method of its funding could be inferred from the past practices of the parties.

Evidence of past practice is a permissible means by which to determine the relative rights of parties under a collective bargaining agreement. *Chirico v. Board of Supervisors for Newton Township*, 504 Pa. 71, 470 A.2d 470 (1983). Four situations have been articulated in which evidence of past practice may be used to indicate the parties' intentions. *County of Allegheny v. Allegheny County Prison Employees Independent Union*, 476 Pa. 27, 381 A.2d 849 (1977).[6] Here, evidence of past practice

---

6. These four situations are:
   (1) to clarify ambiguous language; (2) to implement contract language which sets forth only a general rule; (3) to modify or amend apparently unambiguous language which has arguably been waived by the parties; and (4) to create or prove a separate, enforceable condition of employment which cannot be derived from the express language of the agreement.
   *Allegheny County* 476 Pa. at 34, 381 A.2d at 852.

may demonstrate an employment condition that cannot be derived from the express language of the agreement. Essential to this determination of past practices is language of the prior collective bargaining agreement between the parties. That agreement, however, has not been included in the record nor have any of the notes of testimony been transcribed nor any exhibits included in the record here.[7]

■ Therefore, we find it impossible to determine whether the Police Officers who had entered the program prior to January 1, 1987, will be detrimentally affected, or whether the Board, when it rendered its award, properly considered the prior collective bargaining agreement or the past practices of the parties. It is thus for this Court to vacate the trial court's order insofar as it upheld the provisions in the award under challenge, and remand the case back to the trial court for it to determine what the contractual rights of the parties were with regard to pension benefits between the Police Officers and the Borough. Specifically, the trial court is to determine whether such benefits were based on a computation that included overtime and other additional compensation, and if it determines that overtime and other compensation are included, whether this was done by an explicit provision of the prior agreement or as a past practice of the parties.[8]

Finally, the Police Officers argue that subsection 6(c) of the award must be stricken because it improperly delegates

7. The Board heard approximately thirteen hours of testimony, including testimony from two independent actuaries as to the amount necessary to fund the pension plan. We believe that the onus is on the appealing party to make sure that the record is complete and that all relevant portions of the testimony are transcribed. *See* Pa.R.A.P. Nos. 1911 and 1921. Although the Police Officers do not deem evidence of past practices to be vital and assert this as a reason for the meager record on appeal, we emphatically disagree. In our view, evidence of past practices is a critical factor and cannot be established by the mere assertion of it in a party's brief.

8. We wish to note that if it is found that the past practice of the parties included additional compensation, that portion of the award excluding that compensation from those retiring after January 1, 1987, will automatically become void.

potential issues to a future arbitration panel.[9]  This Court in, *Dunmore Police Association v. Borough of Dunmore*, 107 Pa.Commonwealth Ct. 306, 528 A.2d 299 (1987), *petition for allowance of appeal denied*, 518 Pa. 651, 544 A.2d 963 (1988), stated:

> Act 111 provides that the arbitration panel is to reach a final, binding determination of the issue(s) in dispute. . . . The entire act, containing time limitations at every stage of the process . . . is designed to reach an equitable settlement of the disputed issues in a minimum amount of time.  Allowing the parties to delegate certain disputed issues to a separate body for continued negotiation would defeat the purpose of the Act.  The result would be neither final nor binding and would allow the process to extend beyond the time limits provided by Act 111.

Thus, *Dunmore* teaches that one panel cannot delegate questions to another panel.  Section 6(c) of the award, however, does not, on its face, indicate that it defers any unresolved issues to a *different* panel; it simply states:

> (c) *In the event* that the pension plan is required to include additional compensation in excess of the annual base salary to compute retirement benefits in the future for any reason, then either party should have the right to re-open this Award for the sole purpose of renegotiating the wage provision of the Contract.  (Emphasis added.)

Once the trial court reaches its determination upon remand, the need for the "reopening provision" will be severely curtailed, if not entirely eliminated.  Accordingly, we conclude that this provision is lawful, but emphasize that once the issue of the proper methodology of the pension wage issue is resolved, there will be no need for such a clause.

Based on the above discussion, we vacate in part and affirm in part the order of the trial court, and remand this case for transcription of the evidence and entry into the record of any exhibits originally presented to the Board and for further factual findings based only upon the evidence

---

9. The Court notes that the Borough has failed to address this issue in its brief.

which had originally been presented to the Board and for a new decision by the trial court.

## ORDER

NOW, May 24, 1989, it is ordered that Appellee's motion to dismiss is denied. It is further ordered that the order of the Court of Common Pleas of Montgomery County is hereby vacated insofar as it upheld Sections 6(a), and 6(b), of the award, and affirmed insofar as it upheld Section 6(c) of the award. This case is hereby remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.