PLAINFIELD TOWNSHIP POLICE-MEN'S ASSOCIATION, By and Through Joseph STRAKA, Petitioners,

v.

PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 1996.

Decided June 20, 1997.

Gary M. Lightman, Harrisburg, for petitioner.

Peter Lassi, Harrisburg, for respondent.

Peter C. Layman, Bangor, for intervenor, Plaintiff Township.

Before SMITH and FRIEDMAN, JJ., and MIRARCHI, Jr., Senior Judge.

FRIEDMAN, Judge.

Plainfield Township Policemen's Association (Association), by and through Joseph Straka, appeals from an order of the Pennsylvania Labor Relations Board (PLRB) which sustained the exceptions of Plainfield Township (Township) to the Proposed Decision and Order (PDO) of a PLRB Hearing Examiner and concluded that the Township did not engage in unfair labor practices contrary to sections 6(1)(a) and (e) of the Pennsylvania Labor Relations Act (PLRA),[1] as read *in pari materia* with what is commonly called the Collective Bargaining by Policemen or Firemen Act (Act 111).[2]

In 1981, the Township enacted a police pension ordinance pursuant to the Police Pension Fund Act (Act 600).[3] The ordi-

---

**1.** Act of June 1, 1937, P.L. 1168, *as amended*, 43 P.S. §§ 211.1–211.39. Sections 211.6(1)(a) and (e) provide as follows:

> Section 6.   Unfair Labor Practices.
> (1) It shall be an unfair labor practice for an employer—
> (a) To interfere with, restrain or coerce employes in the exercise of the rights guaranteed in this act.
> ....
> (e) To refuse to bargain collectively with the representatives of his employes, subject to the provisions of section seven (a) of this act.

43 P.S. § 211.6(1)(a) and (e).

**2.** Act of June 24, 1968, P.L. 237 *as amended*, 43 P.S. §§ 217.1–217.10.

**3.** Act of May 29, 1956, P.L. (1955) 1804, *as amended*, 53 P.S. §§ 767–78. Section 3 of Act 600 provides:

> Each ordinance or resolution establishing a police pension fund shall prescribe a minimum period of total service in the aggregate of twenty-five years in the same borough, town or township....

53 P.S. § 769.

Townships of the second class, such as the Township here, are granted the authority to en-

nance, as originally enacted, required 25 years of service for pension eligibility; however, in July 1985, the Township amended the police pension ordinance to reduce the service requirement to 20 years.

Several years later, the Association, as designated bargaining representative for the Township's police officers, negotiated a collective bargaining agreement with the Township, which was effective from January 1, 1988 through December 31, 1990. That agreement, however, did not address the subject of police pensions. Provisions regarding police pensions were also absent from successive collective bargaining agreements between the parties, including the agreement which was in effect during calendar year 1995.

On or about August 30, 1993, the Township received an audit report from the Department of the Auditor General, which stated that the Township's police pension ordinance did not conform to Act 600 because it provided an annuity after only 20 years of service and recommended that the Township amend its police pension ordinance. Subsequently, by ordinance enacted on April 12, 1995, the Township amended the police pension ordinance to require 25 years of service for receipt of a pension.

In response to the Township's modification of the police pension ordinance, the Association filed an unfair labor practice charge with the PLRB, alleging that the Township had made unilateral changes in the pension plan without prior collective bargaining with the Association. After hearings upon the mat-

ter, the Hearing Examiner issued a PDO, stating that, because pensions are subject to bargaining, the Township had a duty to bargain with the Association over any changes in the police pension ordinance. Although the Township argued that implementation of the 25–year service requirement was necessary for compliance with Act 600, the Hearing Examiner determined that such a change could not be imposed unilaterally and, accordingly, concluded that the Township had engaged in unfair labor practices contrary to sections 6(1)(a) and (e) of the PLRA.[4]

The Township filed timely exceptions to the Hearing Examiner's PDO which the PLRB sustained, concluding that the Township had not engaged in unfair labor practices contrary to sections 6(1)(a) and (e) of the PLRA and Act 111 by amending the police pension ordinance to require 25 years of service for pension eligibility.

■ On appeal to this court,[5] the Association argues that the PLRB erred as a matter of law in sustaining the Township's exceptions. Specifically, the Association argues that, even though the terms of the pension benefits were illegal under Act 600 and had never been submitted to collective bargaining, the Township could not unilaterally change the terms of the pre-existing pension benefits. According to the Association, the Township was required to submit any changes in the pension plan to collective bargaining because pension benefits are a mandatory subject of collective bargaining.[6] We disagree.

act ordinances by section 1601 of the Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 66601:

The board of supervisors may adopt ordinances in which general or specific powers of the township may be exercised, and, by the enactment of subsequent ordinances, the board of supervisors may amend, repeal or revise existing ordinances....

4. The Hearing Examiner acknowledged that the collective bargaining agreements did not expressly address police pensions, but found that the Township had a binding past practice of providing a pension after 20 years of service. Although evidence of past practices may be used to show parties' agreement in some situations, *see Police Officers of the Borough of Hatboro v. Borough of Hatboro,* 126 Pa.Cmwlth. 247, 559 A.2d 113

(1989), there was no evidence presented here that any officer has ever attempted to retire under the 20–year service ordinance.

5. Our scope of review is limited to determining whether there was a constitutional violation or an error of law, and whether the PLRB's necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Pennsylvania State Troopers' Association v. Pennsylvania Labor Relations Board,* 671 A.2d 1183 (Pa.Cmwlth.), *appeal denied,* 545 Pa. 657, 680 A.2d 1164 (1996).

6. Section 1 of Act 111 provides in relevant part:

[Police officers] ... employed by a political subdivision of the Commonwealth shall ... have the right to bargain collectively with their

The only issue before us is whether the change in the police pension *ordinance*, necessitated by the need to comply with Act 600, constituted a unilateral change in the collective bargaining agreement in violation of the PLRA.[7] We hold that it did not.

Initially, we point out that we are unpersuaded by the Association's assertion that the amendment to the pension ordinance was a "unilateral change." Because the term "unilateral change" is a controlling term of art in labor law specifically referring to changes to collective bargaining agreements, it is irrelevant for determining the propriety of a legislative enactment such as the ordinance in question. In fact, enactment of an ordinance, by its very nature, is a unilateral action taken by a legislative body; thus, amendment of an ordinance is not equivalent to a unilateral change in a collectively bargained agreement.

In arguing that the Township's amendment of the legitimately-enacted ordinance was, in fact, a "unilateral change" to the collective bargaining agreements between the parties, the Association seeks to retroactively incorporate the pre-existing ordinance into the negotiated collectively bargained

agreements.[8] This it cannot do. Although the Association had both the right and the opportunity under section 1 of Act 111 to bargain collectively with the Township in negotiating pension benefits in its collective bargaining agreements, and, therefore, could have incorporated the ordinance's provisions into the collective bargaining agreements, the Association did not do so. Having failed to do so, the Association cannot complain, but must suffer the consequences of its failure to exercise its right to bargain pension terms for its members.[9]

Accordingly, we affirm.

## ORDER

AND NOW, this 20th day of June, 1997, the final order of the Pennsylvania Labor Relations Board, dated June 11, 1996, at case no. PF–C–95–114–E, is affirmed.

---

public employers concerning the terms and conditions of their employment, including ... *pensions* . . . .
43 P.S. § 217.1.

7. This issue was raised, but not preserved for appeal, in *Upper St. Clair Police Officers Association v. Pennsylvania Labor Relations Board,* 689 A.2d 362 (Pa.Cmwlth.1997); thus, we could not address it until now. Although the 20–year service term of the July 1985 amendment was illegal, this is not a case concerned with whether such an illegal term can be enforced by or against any party. *See Fraternal Order of Police, E.B. Jermyn Lodge # 2 v. Hickey,* 499 Pa. 194, 452 A.2d 1005 (1982); *Swatara Township v. Swatara Township Police Department,* 164 Pa. Cmwlth. 378, 642 A.2d 660 (1994); *Police Bargaining Unit of the Borough of Montoursville v. Borough of Montoursville,* 160 Pa.Cmwlth. 333, 634 A.2d 830 (1993); *Borough of Berwick and Borough of Berwick Police Department,* 152 Pa. Cmwlth. 242, 618 A.2d 1185 (1992), *appeal denied,* 536 Pa. 647, 639 A.2d 33 (1994).

Moreover, because Act 600 is self-executing and preempts inconsistent local provisions, such as the 20–year service requirement here, the Township could not be held to the illegal pension term. *Berwick.*

8. Moreover, although the Association asserts that the illegal pension plan was inherently incorporated into the collectively bargained agreements as a pre-existing work condition, there is no evidence in the record to support such a contention.

9. This disposition is in accordance with our decision in *Upper Chichester Township v. Pennsylvania Labor Relations Board,* 153 Pa.Cmwlth. 446, 621 A.2d 1134 (1993). In *Upper Chichester,* the township explicitly bargained with the police union over an illegal pension term which was ultimately included in the resulting collective bargaining agreement. When the township later altered the pension provision to comply with Act 600, the police union filed an unfair labor practice charge against the township. We held that, because the township benefitted from the agreed-to term, it could not unilaterally alter the provision to comply with Act 600 merely because the bargained-for term was illegal. Unlike *Upper Chichester,* however, the illegal pension term here was not bargained for or incorporated into the collective bargaining agreements, but rather, was merely contained within a preexisting ordinance. Thus, *Upper Chichester* is readily distinguishable from the facts of the case at hand.