# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Dunbar,               :
             Petitioner      :
                           :
            v.           :
                           :
John E. Wetzel, Secretary for the Pa.   :
Dept. of Corrections,           :   No. 484 M.D. 2018
           Respondent   :   Submitted: March 15, 2019

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                         FILED: July 10, 2019

Before this Court are the Pennsylvania Department of Corrections' (Department) Secretary John Wetzel's (Wetzel) preliminary objections (Preliminary Objections) to Gregory Dunbar's (Dunbar) pro se petition for review in the nature of a complaint for declaratory judgment and injunctive relief (Petition) filed in this Court's original jurisdiction. After review, we sustain the Preliminary Objections, and dismiss the Petition.

## Facts

On July 16, 2018, Dunbar filed the Petition seeking: (1) a declaratory order directing that portions of the Department's DC-ADM Policy 803 issued September 16, 2015 (2015 DC-ADM 803)[1] and Section 93.2 of the Department's Regulations[2] prohibiting nudity and non-obscene sexually explicit material in prison null and void based on fraud, that Wetzel exceeded his jurisdiction by extending the

---

[1] The Department's DC-ADM 803 issued October 3, 2018 superseded 2015 DC-ADM 803. However, because the sections pertinent to this appeal remained unchanged in 2018 and the allegations concerning 2015 DC-ADM 803 are intertwined with the allegations pertaining to the Department's Regulation, the Petition is not moot.

[2] 37 Pa. Code § 93.2 (relating to restrictions on inmate correspondence).

obscenity ban to include non-obscene material, nudity and sexually explicit material even for inmates over 18 years of age, and that 2015 DC-ADM 803 and Section 93.2 of the Department's Regulations violated Dunbar's rights under the First and Fourteenth Amendments to the United States Constitution; and (2) an injunction removing all prohibitions against nudity and sexually explicit material from 2015 DC-ADM 803 and Section 93.2 of the Department's Regulations. On August 7, 2018, Wetzel filed the Preliminary Objections in the nature of a demurrer.

On September 17, 2018, Dunbar filed a Motion for Summary Relief pursuant to Pennsylvania Rule of Appellate Procedure 1532(b)[3] and Pennsylvania Rule of Civil Procedure No. 1035.3(2)(d)[4] (Motion for Summary Relief). On September 24, 2018, Dunbar filed a Petition to Strike Unserved Preliminary Objections. On September 25, 2018, Dunbar filed a Motion for Preliminary Injunction/Motion to Strike Preliminary Objections. On October 11, 2018, Wetzel filed his brief in support of the Preliminary Objections. On October 16, 2018, Dunbar filed Preliminary Objections/Petition to Strike Objections. By October 18, 2018 order, this Court: (1) overruled Dunbar's Preliminary Objections/Petition to Strike Objections; (2) dismissed Dunbar's Motion for Summary Relief as moot; and (3) dismissed Dunbar's Motion for Preliminary Injunction/Motion to Strike Preliminary Objections and Strike Unserved Preliminary Objections as moot.

On November 6, 2018, Dunbar filed a Petition for Rule to Show Cause why Respondent Should not be Held in Contempt of this Court's September 11, 2018 Order (Petition for Rule to Show Cause). By November 14, 2018 order, this Court denied Dunbar's Petition for Rule to Show to Cause. On November 29, 2018,

---

[3] Pennsylvania Rule of Appellate Procedure 1532(b) provides: "At any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b).

[4] Pennsylvania Rule of Civil Procedure No. 1035.3(2)(d) provides: "Summary judgment may be entered against a party who does not respond." Pa.R.C.P. No. 1035.3(2)(d).

Dunbar filed an Application to Strike Unserved Brief. By December 13, 2018 order, this Court denied Dunbar's Application to Strike Unserved Brief and directed Wetzel to re-serve his brief and file a proof of service therefor. On December 19, 2018, Wetzel filed his Proof of Service and Certificate of Service.

On December 24, 2018, Dunbar filed a Motion for Sanctions Against Attorney Dorian[5] (Motion for Sanctions). On January 3, 2019, Wetzel filed an Answer thereto. By January 9, 2019 order, this Court denied Dunbar's Motion for Sanctions. On January 25, 2019, Dunbar filed a Motion for Reconsideration of the Order Denying Sanctions (Motion for Reconsideration). By February 7, 2019 order, this Court denied Dunbar's Motion for Reconsideration. On February 21, 2019, Dunbar filed his brief in opposition to the Preliminary Objections.[6]

**Discussion**

The law is well settled:

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, **it must appear with certainty that the law will not permit recovery**, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for

---

[5] Raymond W. Dorian, Esquire, is the Department's Assistant Counsel.
[6] Rather than respond to Wetzel's brief, Dunbar sets forth procedural reasons for overruling the Preliminary Objections. *See* Dunbar Br.

3

which relief can be granted. **When ruling on a demurrer, a court must confine its analysis to the [petition for review in the nature of a] complaint**.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (emphasis added; citations omitted). "[C]ourts reviewing preliminary objections may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014). Thus, when deciding preliminary objections, this Court's analysis is limited to the Petition's contents and the exhibits attached thereto.

Wetzel first argues that the Petition should be dismissed because Dunbar's civil rights claim is barred by the applicable statute of limitations. Specifically, Wetzel contends, *inter alia*, that under Section 5524(2) of the Judicial Code, 42 Pa.C.S. § 5524(2), Dunbar had only two years to file his action. Dunbar rejoins that Wetzel waived the statute of limitations defense by not raising it in new matter.

Pennsylvania Rule of Civil Procedure No. 1030(a) provides, in relevant part: "all affirmative defenses including but not limited to the defense[] of . . . statute of limitations . . . shall be pleaded in a responsive pleading under the heading 'New Matter'." Pa.R.C.P. No. 1030(a). However, the law is clear that

> [w]here a party erroneously asserts substantive defenses in preliminary objections rather than to [sic] raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the [] court to rule on the preliminary objections.

*Borough of Nanty Glo v. Fatula*, 826 A.2d 58, 64 (Pa. Cmwlth. 2003) (quoting *Preiser v. Rosenzweig*, 614 A.2d 303, 305 (Pa. Super. 1992)).

Here, the record reveals that Dunbar did file preliminary objections to Wetzel's preliminary objections raising the fact that Wetzel improperly asserted the

4

statute of limitations defense. *See* Dunbar's Preliminary Objections/Petition to Strike Objections at 3 ¶8. Therefore, Dunbar has not waived this procedural defect and can raise it now. Accordingly, this Court cannot address Wetzel's statute of limitations defense at this time.

Wetzel next argues that the Petition should be dismissed because 2015 DC-ADM 803 was valid and properly promulgated pursuant to what is frequently referred to as the Commonwealth Documents Law[7] and the Regulatory Review Act.[8] Dunbar alleges in his Petition that Wetzel exceeded his authority under Section 506 of the Administrative Code of 1929 (Administrative Code),[9] because 2015 DC-ADM 803 is inconsistent with the law. Specifically, Dunbar claims that 2015 DC-ADM 803 is inconsistent with Section 93.2 of the Department's Regulations, the Commonwealth Documents Law and Section 5903 of the Crimes Code.[10]

> At the outset, we note that the Commonwealth Documents Law, [and] the Regulatory Review Act . . . establish a mandatory, formal rulemaking procedure that is, with rare exceptions, required for the promulgation of all regulations. Under the Commonwealth Documents Law, an agency must give notice to the public of its proposed rulemaking and an opportunity for the public to comment. Under the Regulatory Review Act, the agency must also submit its proposed regulation to [the Independent Regulatory Review Commission (]IRRC[)] for public comment, recommendation from IRRC, and, ultimately, IRRC's approval or denial of a final-form regulation.

---

[7] Act of July 31, 1968, P.L. 769, *as amended*, 45 P.S. §§ 1102-1602. "Agency 'regulations' must be promulgated pursuant to the notice and comment procedures contained in the Commonwealth Documents Law in order to have the force and effect of law. However, an agency may also set forth guidelines in 'statements of policy.'" *Mulberry Square Elder Care & Rehab. Ctr. v. Dep't of Human Servs.*, 191 A.3d 952, 963 (Pa. Cmwlth. 2018) (footnotes and citation omitted).

[8] Act of June 25, 1982, P.L. 633, *as amended*, 71 P.S. §§ 745.1-745.15.

[9] Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 186.

[10] 18 Pa.C.S. § 5903 (relating to obscene and other sexual materials and performances).

*Naylor v. Dep't of Pub. Welfare*, 54 A.3d 429, 433-34 (Pa. Cmwlth. 2012), *aff'd*, 76 A.3d 536 (Pa. 2013) (footnote and citations omitted).

Dunbar avers in the Petition that 2015 DC-ADM 803 and Section 93.2 of the Department's Regulations are contrary to a prior injunction issued by this Court in *Vance v. Beard* (Pa. Cmwlth. No. 592 M.D. 2006, filed December 15, 2009), *see* Petition, Ex. 1, and that former Deputy Chief Counsel Randall Sears (Sears) committed fraud during the legislative process by not raising the *Vance* case in the promulgation of Section 93.2 of the Department's Regulations. *See* Petition ¶¶14-15.

Dunbar is correct that the *Vance* Court enjoined the Department from enforcing DC-ADM 803 amended April 28, 2008 (2008 DC-ADM 803) to the extent that its provisions differed from a former version of Section 93.2 of the Department's Regulations. However, the reason therefor was that 2008 DC-ADM 803 conflicted with Section 93.2 of the Department's Regulations in that, pursuant to the Regulation, inmates had the right to incoming publications containing nudity unless they included obscenity as defined in Section 5903 of the Crimes Code. By issuing 2008 DC-ADM 803, the Department effectively amended Section 93.2 of the Department's Regulations without the "mandatory, formal rulemaking procedure." *Naylor*, 54 A.3d at 433. Thus, the *Vance* Court ruled 2008 DC-ADM 803 invalid.

However, subsequent to *Vance*, the Department amended Section 93.2 of the Department's Regulations to correspond with 2008 DC-ADM 803. In doing so, as evidenced by the Petition's exhibit, the Department complied with both the Commonwealth Documents Law and the Regulatory Review Act. *See* Petition Ex. 2. (Documents filed with the Legislative Reference Bureau pursuant to the Commonwealth Documents Law, and the Regulatory Analysis Form filed with the IRRC). Consequently, properly promulgated Section 93.2 of the Department's Regulations presently precludes inmates from receiving publications that "[c]ontain

nudity, obscene material or explicit sexual materials as defined in subsection (i)."[11] 37 Pa. Code § 93.2(g)(3)(iv). Accordingly, neither 2015 DC-ADM 803 nor Section 93.2 of the Department's Regulations are contrary to *Vance*.[12]

Relative to Dunbar's assertion that 2015 DC-ADM 803 is invalid because it conflicts with Section 5903 of the Crimes Code, this Court rejected that argument in *Key v. Department of Corrections*, 185 A.3d 421 (Pa. Cmwlth. 2018), wherein this Court explained:

> 'Given that inmates' constitutionally[]protected rights may be subject to greater restrictions than those of the general public, we agree . . . that simply because [DC-ADM 803] is more restrictive than the [Criminal] Obscenity [Statute], [DC-ADM 803] is not unconstitutionally over restrictive. This is particularly so where our Supreme Court has twice held that [DC-ADM 803], or its predecessors, were reasonably related to legitimate penological interests. *Brittain* [*v. Beard*, 974 A.2d 479 (Pa. 2009)]; *Payne* [*v. Dep't of Corr.*, 871 A.2d 795 (Pa. 2005)].'[] [*Smith v. Beard*, 26 A.3d 551, 561 (Pa. Cmwlth. 2011)]. . . .
>
> Under Section 901-B of the Administrative Code,[13] [the Department] is
>
>> established as an administrative department, [and] shall have the powers and duties granted to and imposed upon it by this article and by any other statutory provisions. In addition, [the Department] . . . shall also have all the powers and duties . . . related to the administration, management and supervision of penal and correctional facilities, programs and services.
>
> 71 P.S. § 310-1. Section 506 [of the Administrative Code] provides that: 'The heads of all administrative departments .

---

[11] Subsection (i) defines explicit sexual material, nudity, and obscene. *See* 37 Pa. Code § 93.2(i).

[12] Given this determination, Dunbar cannot establish a clear legal right to relief for his claim that fraud was committed in the promulgation of Section 93.2 of the Department's Regulations for Sears' failure to raise *Vance* during the legislative process.

[13] Added by Section 4 of the Act of December 30, 1984, P.L. 1299, 71 P.S. § 310-1.

. . are hereby empowered to prescribe rules and regulations, not inconsistent with the law, for the government of their respective departments . . . ." 71 P.S. § 186. A regulation governing the inmate mail system is consistent with these provisions, which expressly permit [the Department] to enact rules and regulations for the management and supervision of penal correctional facilities. In sum, we cannot conclude [2015 DC-ADM] 803 is materially inconsistent with or in violation of the enabling statute, Section 506 of the Administrative Code.

*Key*, 185 A.3d at 427-28. Accordingly, because Section 93.2 of the Department's Regulations was properly promulgated pursuant to the Commonwealth Documents Law and the Regulatory Review Act, and 2015 DC-ADM 803 is valid, this Preliminary Objection is sustained.

Lastly, Wetzel argues that the Petition should be dismissed because Dunbar has failed to state a claim for injunctive relief. Specifically, Wetzel contends that Dunbar has not alleged that he will suffer irreparable harm if the requested relief is denied.

In order to establish a claim for a permanent injunction, a party must establish its clear right to relief. *Buffalo Twp. v. Jones*, . . . 813 A.2d 659 ([Pa.] 2002). However, unlike a claim for a preliminary injunction, the party need not establish either irreparable harm or immediate relief and a court 'may issue a final injunction if such relief is necessary to prevent a legal wrong for which there is no adequate redress at law.' *Id.* at 663. **A party must also show greater injury will result from refusing rather than granting the relief requested.**

*Berwick Twp. v. O'Brien*, 148 A.3d 872, 891 (Pa. Cmwlth. 2016) (emphasis added).

Here, Dunbar has not alleged, let alone shown, that a greater injury will result from refusing rather than granting his requested relief. In fact, Dunbar has not alleged anywhere in the Petition that he has suffered an injury. Although Dunbar avers that 2015 DC-ADM 803 "violated his federal [First A]mendment right and

[Fourteenth Amendment] due process rights[,]"[14] Petition ¶20, the Petition contains no factual allegations to support such a claim. Because Dunbar has failed to "show greater injury will result from refusing rather than granting the relief requested[,]" he cannot establish a claim for injunctive relief. *Berwick Twp.*, 148 A.3d at 891. Accordingly, this Preliminary Objection is sustained.

## Conclusion

Because Section 93.2 of the Department's Regulations was properly promulgated pursuant to the Commonwealth Documents Law and the Regulatory Review Act, 2015 DC-ADM 803 is valid, and Dunbar has failed to state a claim for injunctive relief, he cannot establish a clear legal right to relief.[15]

For all of the above reasons, Wetzel's Preliminary Objections are sustained and Dunbar's Petition is dismissed.

---

[14] The alleged rights violations are the closest resemblance to an injury in the entire Petition.

[15] Dunbar's only remaining allegation is an isolated statement alleging that 2015 DC-ADM 803 and Section 93.2 of the Department's Regulations violated his civil rights with no averments to support the claim. *See* Petition ¶20. "Pennsylvania courts repeatedly recognize that [the Department's] Policy pertaining to incoming publications containing obscenity passes constitutional muster and is related to the legitimate penological objectives of security and rehabilitation." *Key*, 185 A.3d at 424. Thus, Dunbar's unsupported claim is insufficient to permit the Petition to go forward.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Dunbar,                                    :
                          Petitioner               :
                                                   :
              v.                                   :
                                                   :
John E. Wetzel, Secretary for the Pa.              :
Dept. of Corrections,                              :    No. 484 M.D. 2018
                          Respondent               :

PER CURIAM

## O R D E R

AND NOW, this 10th day of July, 2019, the Pennsylvania Department of Corrections' Secretary John Wetzel's preliminary objections to Gregory Dunbar's pro se petition for review in the nature of a complaint for declaratory judgment and injunctive relief (Petition) are **SUSTAINED** and the Petition is **DISMISSED**.