**Samuel SCAVO, Appellant**

v.

**OLD FORGE BOROUGH, Mary Lynn Bartoletti, Michelle Avvisato, Anthony Pero, Dominick Vender, Russell Rinaldi, Mary Rose Fumanti, Michael Bartoletti, and Robert Semenza.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 22, 2009.

Decided Aug. 5, 2009.

Nicholas E. Fick, Scranton, for appellant.

William J. Rinaldi, Scranton, for appellees.

BEFORE: McGINLEY, Judge, COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Samuel Scavo (Scavo) appeals from an order of the Court of Common Pleas of Lackawanna County (trial court) which granted the preliminary objections of Old Forge Borough (Borough), Mary Lynn Bartoletti, Michelle Avvisato, Anthony Pero, Dominick Vender, Russell Rinaldi, Mary Rose Fumanti, Michael Bartoletti and Robert Semenza (Collectively, Appellees) and dismissed Scavo's complaint with prejudice for failure to comply with 42 Pa.C.S. § 5525, as Scavo's complaint was filed beyond the four year statute of limitations. We reverse and remand.

Scavo was employed by the Borough as a police officer, and ultimately as the Chief of Police, from July 1, 1977 until he resigned in February of 1989. At the time of Scavo's resignation, he had been employed by the Borough for eleven (11) years and seven (7) months. Scavo had also accrued military service time which, Scavo contends, could be used to meet the twelve years of service for vesting under the Borough's pension plan.[1] At the time

---

1. It is noted that there is no allegation that Scavo requested the military time be applied

Scavo resigned, the Borough requested he submit a letter of resignation, which he did. Scavo contends that the letter of resignation was intended to cease his employment with the Borough and trigger his future entitlement to pension benefits when he reached the eligible age of fifty-five. The letter of resignation does not mention Scavo's retirement or any intention to retire.

On February 16, 2004, in anticipation of Scavo's fifty-fifth birthday, Scavo submitted a request for pension benefits to the Borough's Police Pension Board (Board). The Board approved Scavo's request for benefits and then sent the request to the Borough for action. The Borough refused to authorize the funding of Scavo's pension payments. It is alleged that Scavo made other oral requests for his pension and had been advised to wait on the basis that the Borough Council would be taking action on the request, but no action was taken.

 On February 26, 2008, Scavo filed a complaint with the trial court. Appellees filed preliminary objections to the complaint, alleging in Count II that Scavo had exceeded every statute of limitation available to him and that he cannot maintain this cause of action in its entirety and alleging in Count IV that Scavo is time barred from bringing the action under 42 Pa.C.S. § 5525(a), because it was brought beyond the four year statute of limitations. Scavo filed an answer and preliminary objections to Appellees' preliminary objections. The trial court found that Scavo failed to comply with 42 Pa.C.S. § 5525

and dismissed Scavo's complaint with prejudice. Scavo now appeals to our court.[2]

Scavo contends that the trial court erred in granting Appellees' preliminary objections based upon a statute of limitations argument and in failing to grant Scavo's preliminary objections.

 Scavo is correct that Pa. R.C.P. 1030 does state that a statute of limitations defense is properly raised in New Matter. However, where an affirmative defense is clear on the face of the pleadings, it may be addressed by the court at the preliminary objection stage. *Malia v. Monchak*, 116 Pa.Cmwlth. 484, 543 A.2d 184, 187 (1988). In *Borough of Nanty Glo v. Fatula*, 826 A.2d 58 (Pa.Cmwlth.2003), our court stated that "it is improper to raise a statute of limitations defense in preliminary objections ... [h]owever, 'where a party erroneously asserts substantive defenses in preliminary objections rather than to [sic] raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections.'" *Id.* at 64 (citing *Preiser v. Rosenzweig*, 418 Pa.Super. 341, 614 A.2d 303, 305 (1992)).

 In the present controversy, Scavo did file preliminary objections to Appellees' preliminary objections, and the trial court failed to address Scavo's preliminary objections. However, we note that in Scavo's complaint, it is alleged that the Board

to his employment time with the Borough prior to his resignation.

**2.** Our review of a trial court order sustaining preliminary objections on the basis that the law will not permit recovery (demurrer) is whether on the facts alleged the law states with certainty that no recovery is possible.

*Hawks by Hawks v. Livermore*, 157 Pa. Cmwlth. 243, 629 A.2d 270 (1993). We must accept as true all well pled allegations and material facts averred in the complaint as well as inferences reasonably deductible therefrom and any doubt should be resolved in favor of overruling the demurrer. *Id.*

approved his request for retirement benefits and that the Borough, thereafter, did nothing with his request, thus prompting Scavo's complaint to the trial court. As the record is void of any action by the Borough denying Scavo's request for retirement benefits, we cannot state that Scavo's complaint was filed beyond the four year statute of limitations. We note that the statute of limitations would only begin to run upon the Borough's denial of benefits to Scavo, as Scavo would have no reason to appeal until after the Borough's decision had been made. As the affirmative defense was not clear on the face of the pleadings, the trial court may not address it at the preliminary objection stage. *Malia.*

As there is no statutory authority for the filing of preliminary objections based upon a statute of limitations, and Scavo filed preliminary objections asserting such, we must reverse the decision of the trial court because it was not clear on the face of the pleadings that the complaint violated the statute of limitations and remand to the trial court to consider the remaining preliminary objections which are before it.

Accordingly, we must reverse and remand.

### ORDER

AND NOW, this 5th day of August, 2009 the order of the Court of Common Pleas of Lackawanna County is reversed and the matter is remanded to the trial court to consider the remaining preliminary objections which are before it.

Jurisdiction relinquished.