# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Lucabaugh,                          :
                                            :
              Appellant                     :
                                            :   No. 741 C.D. 2016
         v.                                 :   Submitted:  December 16, 2016
                                            :
City of Pottsville                          :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                      **FILED:  March 17, 2017**


This matter is one of three related appeals filed by William Lucabaugh (Plaintiff), *pro se*, from orders of the Court of Common Pleas of Schuylkill County (trial court) in actions that he filed against the City of Pottsville (City) in 2009, September 2015, and December 2015.  The order at issue in this appeal sustained preliminary objections filed by the City in the September 2015 action and dismissed that action.[1]  We affirm, although on different grounds than the trial court.

All three of these appeals arise out of a dispute that has been before this Court twice concerning orders issued by the City requiring Plaintiff to repair or demolish a property that he owns.  This Court's decisions in those two prior appeals, *Commonwealth v. Lucabaugh (Lucabaugh I)*, (Pa. Cmwlth., No. 631 C.D.

---

[1] The two other related appeals presently before the Court are an appeal, docketed at No. 558 C.D. 2016, from an order sustaining preliminary objections filed by the City in the December 2015 action and dismissing that action and an appeal, docketed at No. 664 C.D. 2016, from an order denying reinstatement of the 2009 action after it had been terminated for inactivity. While they are not consolidated, all three appeals have been decided together by this Court.

2008, filed July 13, 2009), and *Commonwealth v. Lucabaugh (Lucabaugh II)*, (Pa. Cmwlth., No. 2528 C.D. 2009, filed October 19, 2010), establish the following history of this dispute.

Plaintiff is the owner of a property located at 317 N. George Street in the City (the Property) that was in a dilapidated and unsafe condition. (*Lucabaugh II*, slip op. at 2-4; *Lucabaugh I*, slip op. at 1-2.) In April 2005, before Plaintiff purchased the Property, the City issued a notice and order for demolition to the then-owner of the Property. (*Lucabaugh I*, slip op. at 2; *Lucabaugh II*, slip op. at 7.) In March and April 2007, after Plaintiff acquired the Property from a person who purchased it at a tax sale, the City sent to Plaintiff and posted on the Property a notice of violation of the City's International Property Maintenance Code (Code) due to the poor condition of the exterior of the structure on the Property, accompanied by a copy of the outstanding April 2005 notice and order for demolition of the Property. (*Lucabaugh I*, slip op. at 1-2; *Lucabaugh II*, slip op. at 7.) On June 4, 2007, the City issued a citation to Plaintiff charging him with violating Section 110.1 of the Code for failing to abate the outstanding demolition order against the Property. (*Lucabaugh I*, slip op. at 4.) A hearing was held before a magisterial district judge (MDJ) on the June 4, 2007 citation and the MDJ found Plaintiff guilty of the summary offense of violating Section 110.1 of the Code and ordered Plaintiff to pay a total of $361 in fines and costs. (*Id.* at 4-5; *Lucabaugh II*, slip op. at 2 n.2.) Plaintiff appealed and on October 22, 2007, the trial court, following a *de novo* hearing, found Plaintiff guilty and imposed the same fines and costs. (*Lucabaugh I*, slip op. at 5-7; *Lucabaugh II*, slip op. at 2 n.2.) This Court on July 13, 2009 affirmed this summary conviction. (*Lucabaugh I*, slip op. at 9-14 & Order; *Lucabaugh II*, slip op. at 2 n.2.)

On November 25, 2008, while Plaintiff's appeal of the 2007 summary conviction was pending in this Court, the City issued an order requiring Plaintiff to repair or demolish the structure on the Property within 45 days. (*Lucabaugh II*, slip op. at 2.) Although the City provided forms and instructions for filing an administrative appeal, Plaintiff did not file an administrative appeal from this order. (*Id.*) On May 6, 2009, because Plaintiff had not complied with the order to repair or demolish, the City again issued a citation charging Plaintiff with violating Section 110.1 of the Code and an MDJ found Plaintiff guilty of this violation and imposed a fine and costs totaling $565.50. (*Id.*) Plaintiff appealed and on November 23, 2009, the trial court, following a *de novo* hearing, found Plaintiff guilty and imposed a fine of $500 plus costs. (*Id.* at 3-4.) This Court on October 19, 2010 affirmed this 2009 summary conviction. (*Id.* at 5-8 & Order.)

Plaintiff filed the first of the three lawsuits at issue in these appeals, an action against the City and its Code Enforcement Officer, on December 17, 2009, after this Court's affirmance of the 2007 summary conviction in *Lucabaugh I* and before this Court ruled on his appeal in *Lucabaugh II*. In the 2009 action, Plaintiff asserted that the City was required to demolish the structure on the Property before he purchased the Property and that this obligation and deficiencies in the March 2007 notice of violation and in the City's administrative appeal procedure invalidated the 2007 and 2009 citations against him for failure to comply with repair or demolish orders. (Amended Complaint in S-3534-2009.)[2] In his filings

---

[2] Although these appeals are not consolidated, this Court may take judicial notice of pleadings and judgments in other judicial proceedings where, as here, the proceedings are related and were brought to attention of and considered by the trial court before it ruled in the case. *In Re Schulz' Estate*, 139 A.2d 560, 563 (Pa. 1958); *C.J. v. Department of Public Welfare*, 960 A.2d 494, 497 n.8 (Pa. Cmwlth. 2008); *Lycoming County v. Pennsylvania Labor Relations Board*, 943 A.2d **(Footnote continued on next page…)**

in the 2009 action, Plaintiff listed his address as 317 N. George Street, Pottsville, Pennsylvania, and continued to list that as his only address even after he contended that he was not receiving pleadings from defendants and orders from the trial court. (*See*, *e.g.*, Praecipe for Summons in S-3534-2009; Amended Complaint in S-3534-2009 at 19, 664 C.D. 2016 Supplemental Reproduced Record (Supp. R.R.) at 65a; 9/2/10 Petition to Open Judgment in S-3534-2009; Request for Clarification in S-3534-2009 at 2, 664 C.D. 2016 Supp. R.R. at 67a.) After Plaintiff filed a motion to compel production of documents in November 2011 in which he again listed his address as 317 N. George Street, Pottsville, Pennsylvania (11/7/11 Motion to Compel at 2), Plaintiff did nothing further to litigate the 2009 action and no docket activity occurred for over two years. (S-3534-2009 Docket Entries at 8-9.)

Because there was no docket activity, the trial court in 2014 sent notice of intent to terminate the 2009 action to Plaintiff at his address of record, 317 N. George Street, Pottsville, Pennsylvania, which was returned as undeliverable, and also published notice of intent to terminate the 2009 action in the Schuylkill Legal Record. (Notice of Proposed Termination of S-3534-2009, 664 C.D. 2016 Supp. R.R. at 1a; Second Petition to Reinstate S-3534-2009 ¶¶17, 27, 30 & Ex. G, 664 C.D. 2016 Supp. R.R. at 25a-26a, 37a-38a; Defendants' Response to Second Petition to Reinstate S-3534-2009 Ex. A, 664 C.D. 2016 Supp. R.R. at 2a, 12a-13a.) On January 7, 2015, the trial court entered an order terminating the 2009 action for inactivity. (1/7/15 Termination of Inactive Cases Order, 664 C.D. 2016 Supp. R.R. at 16a.) On September 14, 2015, eight months later, Plaintiff filed a Praecipe to change his address in the 2009 action and

---

**(continued…)**
333, 335 n.8 (Pa. Cmwlth. 2007). This Court accordingly takes judicial notice of the pleadings and orders in the 2009 action and the December 2015 action.

4

contends that he learned at that time that the action had been terminated for inactivity. (Praecipe to Change Address in S-3534-2009, 664 C.D. 2016 Supp. R.R. at 19a; Second Petition to Reinstate S-3534-2009 ¶24, 664 C.D. 2016 Supp. R.R. at 25a.) Plaintiff filed a petition to reinstate the 2009 action on October 12, 2015, which the trial court denied without prejudice for failure to set forth sufficient supporting facts, and on November 10, 2015, filed a second petition to reinstate the 2009 action.

On September 29, 2015, after learning that the 2009 action had been terminated for inactivity, Plaintiff filed a second action against the City. In multiple complaints that he filed in this September 2015 action, Plaintiff made the same assertion as in the 2009 action that the City was required to demolish the structure on the Property before he purchased the Property and claimed that this obligation and deficiencies in the March 2007 notice of violation and in the City's administrative appeal procedure invalidated both the 2007 and 2009 citations and additional citations issued by the City in 2015 concerning the Property. (11/4/15 Complaint in S-1765-2015; Second Amended Complaint in S-1765-2015, 741 C.D. 2016 Supp. R.R. at 84a-108a; 3/14/16 Amended Complaint in S-1765-2015.) The relief sought by Plaintiff in the September 2015 action included both damages and declaratory judgments on these issues. (11/4/15 Complaint in S-1765-2015 at 2, 7, 10, 12-15; Second Amended Complaint in S-1765-2015, 741 C.D. 2016 Supp. R.R. at 89a, 99a-100a, 103a-108a; 3/14/16 Amended Complaint in S-1765-2015 at 6, 16-17, 26-35.) The City filed preliminary objections to each of Plaintiff's complaints in the September 2015 action.

On December 4, 2015, Plaintiff filed a third action against the City. In this December 2015 action, Plaintiff made the same assertion as in the 2009 and

5

September 2015 actions that the City was required to demolish the structure on the Property before he purchased the Property and again claimed that this obligation and deficiencies in the March 2007 notice of violation and in the City's administrative appeal procedure invalidated both the 2007 and 2009 citations and additional citations issued by the City in 2015 concerning the Property. (Amended Complaint in S-2190-2015, 558 C.D. 2016 Supp. R.R. at 12a-23a.) In the December 2015 action, Plaintiff sought the same declaratory relief that he sought in the September 2015 action but did not assert claims for damages. (*Id.*, 558 C.D. 2016 Supp. R.R. at 12a-13a, 16a-18a.) The City filed preliminary objections in the December 2015 action.[3]

On March 4, 2016, the trial court sustained the City's preliminary objections in the December 2015 action and dismissed that action on the grounds, *inter alia*, that it was barred by the pendency of a prior action because all of the claims that it pleaded were asserted against the same defendant, the City, in the 2009 and September 2015 actions. On March 23, 2016, a different judge of the trial court denied Plaintiff's second petition to reinstate the 2009 action. On April 12, 2016, a third trial court judge sustained the City's preliminary objections to Plaintiff's Second Amended Complaint in the September 2015 action and dismissed that action. Plaintiff appealed all three orders to this Court.

The issue in this appeal is whether the trial court erred in dismissing the September 2015 action. Because this is an appeal from the dismissal of an

---

[3] According to Plaintiff, the City demolished the structure on the Property on November 20, 2015, after he filed the September 2015 action, and obtained a judgment against him in a separate action in March 2016 in the amount of $25,469 for that demolition. (Second Amended Complaint in S-1765-2015 ¶156, 741 C.D. 2016 Supp. R.R. at 99a; Plaintiff's 3/15/16 Notice to Court.)

action on preliminary objections, our standard of review is *de novo* and our scope of review is plenary. *Keller v. Scranton City Treasurer*, 29 A.3d 436, 443 n.12 (Pa. Cmwlth. 2011).

The trial court based its dismissal of the September 2015 action on the March 4, 2016 decision dismissing Plaintiff's December 2015 action. Plaintiff argues that the prior pending action defense, the primary ground on which that decision was based, does not apply here. We agree.

Pendency of a prior action, also known as the doctrine of *lis pendens*, is a valid ground for dismissal of a later-filed action where the parties, the causes of action and the relief are the same in both actions. *Cellucci v. Laurel Homeowners Association*, 142 A.3d 1032, 1046 (Pa. Cmwlth. 2016); *Hillgartner v. Port Authority of Allegheny County*, 936 A.2d 131, 137-41 (Pa. Cmwlth. 2007); *Barren v. Commonwealth*, 74 A.3d 250, 253 (Pa. Super. 2013); *Crutchfield v. Eaton Corp.*, 806 A.2d 1259, 1262 (Pa. Super. 2002). The earlier filed action involving the same parties, causes of action and relief must also still be pending at the time that the second action is filed. *Cellucci*, 142 A.3d at 1046.

Here, there was no prior pending action asserting all of the claims raised in the September 2015 action. The only prior action was the 2009 action. While the claims in the September 2015 action were very similar to and repetitive of the claims in the 2009 action, the September 2015 action also pleaded claims concerning 2015 citations that the City filed against Plaintiff. (Second Amended Complaint in S-1765-2015 ¶¶141-142, 148-155, 158-166, 741 C.D. 2016 Supp. R.R. at 98a-101a.) These claims concerning 2015 citations were not pleaded in the 2009 action. More importantly, the 2009 action was not a pending action. At the time that Plaintiff filed the September 2015 action, the 2009 action had already

been terminated for inactivity. Although Plaintiff filed a petition to reinstate the 2009 action after he filed the September 2015 action, reinstatement was denied on March 23, 2016, before the trial court ruled on the City's preliminary objections and dismissed the September 2015 action.

This error, however, does not require us to reverse the dismissal of the September 2015 action. It is well established that this Court may affirm a trial court's order on other grounds where affirmance is required for a reason different from that on which the trial court based its decision. *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1023 (Pa. Cmwlth. 2014); *Guy M. Cooper, Inc. v. East Penn School District*, 903 A.2d 608, 618 & n.9 (Pa. Cmwlth. 2006). It is clear from the face of Plaintiff's complaints and the record that all of the claims asserted by Plaintiff in the September 2015 action were barred by the statute of limitations or by collateral estoppel.[4]

Both Plaintiff's claims that the City was required to demolish the Property before he purchased it and his claims that the 2007 and 2009 citations were invalid were barred by the statute of limitations. Plaintiff's complaints allege that he purchased the Property in 2006 and that he learned in April 2007 that the City had issued a repair or demolish order to the prior owner before he purchased the Property. (Second Amended Complaint in S-1765-2015 ¶¶53-55, 741 C.D. 2016 Supp. R.R. at 88a; 3/14/16 Amended Complaint in S-1765-2015 ¶¶53-55.)

---

[4] The statute of limitations and collateral estoppel are affirmative defenses that must ordinarily be raised in New Matter rather than by preliminary objections. However, an affirmative defense that is clear on the face of the complaint may be addressed on preliminary objections unless the plaintiff files preliminary objections to the defendant's preliminary objections. *Scavo v. Old Forge Borough*, 978 A.2d 1076, 1078 (Pa. Cmwlth. 2009); *Stilp v. Commonwealth*, 910 A.2d 775, 784 (Pa. Cmwlth. 2006) (*en banc*), *aff'd*, 974 A.2d 491 (Pa. 2009). Here, it is clear from the face of Plaintiff's complaints that the September 2015 action is barred and Plaintiff filed no preliminary objections to defendant's preliminary objections.

The limitations period for Plaintiff's claims for failure to demolish the Property therefore began to run no later than April 2007. The 2007 and 2009 citations were issued in June 2007 and May 2009 and Plaintiff already knew at the time of those citations of the order to the prior owner and the notice and procedural defects that he alleges. (Second Amended Complaint in S-1765-2015 ¶¶54-55, 68-69, 75-97, 120-131, 741 C.D. 2016 Supp. R.R. at 88a, 90a-93a, 96a-97a; 3/14/16 Amended Complaint in S-1765-2015 ¶¶54-55, 68-69, 75-97, 120-131.) The limitations period for Plaintiff's claims concerning the 2007 and 2009 citations therefore began to run no later than June 2007 and May 2009, respectively. The statute of limitations for tort claims, including claims for malicious prosecution, fraud, deprivation of constitutional rights and damage to property, is two years. 42 Pa. C.S. § 5524. This limitation period expired in April 2009 with respect to Plaintiff's claims for failure to demolish the Property and in June 2009 and May 2011 with the respect to claims concerning the 2007 and 2009 citations, long before Plaintiff filed the September 2015 action.[5]

Plaintiff's claims concerning the 2015 citations against him and the 2007 and 2009 citations were all barred by collateral estoppel. Collateral estoppel precludes litigation of a claim where (1) it is identical to an issue decided in a prior proceeding, (2) the prior proceeding resulted in a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to the prior

---

[5] Indeed, these claims would be time-barred even if they were not subject to a two-year statute of limitations. If the six-year statute of limitations for actions "neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation," 42 Pa. C.S. § 5527(b), applied to Plaintiff's claims, that limitation period would have expired in April 2013 with respect to Plaintiff's claims for failure to demolish and in June 2013 and May 2015 with the respect to claims concerning the 2007 and 2009 citations.

9

proceeding, or is in privity with a party to the prior proceeding, and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. *Stilp v. Commonwealth*, 910 A.2d 775, 783-84 (Pa. Cmwlth. 2006) (*en banc*), *aff'd*, 974 A.2d 491 (Pa. 2009); *J.S. v. Bethlehem Area School District*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002). All of the grounds on which Plaintiff challenged the 2007, 2009 and 2015 citations in the September 2015 action were argued by Plaintiff and rejected by this Court in *Lucabaugh I* or *Lucabaugh II*. *Lucabaugh I*, slip op. at 13-14 (defects in March 2007 notice of violation are irrelevant to and do not invalidate other, later citations for failure to comply with orders to demolish the structure on the Property); *Lucabaugh II*, slip op. at 5-7 (City's failure to demolish prior to Plaintiff's purchase of the Property does not negate Plaintiff's obligation to comply with demolition orders as owner of the Property, City's administrative appeal procedure did not deny Plaintiff due process or invalidate citations against him).[6]

Because all of Plaintiff's claims in the September 2015 action were barred as a matter of law, we affirm the order of the trial court.

---

[6] Plaintiff also argues that the trial court erred in dismissing the action on the City's preliminary objections to his Second Amended Complaint because he subsequently filed a third Amended Complaint on March 14, 2016. This argument is without merit. Plaintiff's third complaint asserts the same claims as the Second Amended Complaint and is equally barred as a matter of law. Any error in ruling on the City's preliminary objections to his Second Amended Complaint is therefore harmless.

10

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Lucabaugh,     :
    :
       Appellant     :
    :    No. 741 C.D. 2016
       v.     :
    :
City of Pottsville     :

**PER CURIAM**          **O R D E R**

AND NOW, this 17th day of March, 2017, the order of April 12, 2016 of the Court of Common Pleas of Schuylkill County in the above captioned matter is AFFIRMED.