# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Neil Price, Individually and on behalf :
of Freedom Ring Land Management :
Trust, :
                    Appellant :
                            :
              v. :  No. 221 C.D. 2017
                      :  ARGUED:  November 14, 2017
Menallen Township, John R. Yantko, :
RTK Officer, Menallen Township :
Supervisors, and Individually and :
Lees' Plumbing & Excavating, Inc. :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE J. WESLEY OLER, JR., Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE OLER, JR.         FILED:  December 8, 2017

        Neil Price (Price)[1] appeals from the decisions of the Court of Common Pleas of Fayette County (trial court) dismissing claims brought by Price against Menallen Township (the Township), Menallen Township Supervisor and Right-to-Know Law Officer John R. Yantko (Yantko), and Lee's Plumbing & Excavating, Inc. (Lee's Plumbing), relating to the demolition of improvements to real property belonging to the Freedom Ring Land Management Trust and located at 1198 New Salem Road, Uniontown (Property).   The trial court's dismissal of Price's claims

---

[1] Price proceeds individually and as trustee for Freedom Ring Land Management Trust.

was based on a finding that the claims were barred by the statute of limitations. We reverse.

Price commenced this action by filing a praecipe for writ of summons against the Township on June 23, 2015. An original complaint was filed against the Township, Yantko and Lee's Plumbing on February 17, 2016, followed by an amended complaint on April 6, 2016. In the six-count amended complaint, Price alleges that a residence on the Property was demolished in January 2013 by Lee's Plumbing at the direction of the Township. The amended complaint indicates that Price became aware of the demolition on or before July 3, 2014, when he filed a request under the Right-to-Know Law[2] for information about the demolition.

In Counts 1 and 3, Price alleges that the actions of the Township and Yantko with respect to the demolition of the Property's improvements violated his constitutional rights under the 4th and 14th Amendments to the federal constitution, giving rise to a claim pursuant to 42 U.S.C. § 1983. In Counts 2 and 4, Price alleges that the Township and Yantko were negligent in the demolition. In Count 5, Price claims that Lee's Plumbing was negligent in demolishing the Property's improvements. In Count 6, Price alleges that the defendants unlawfully converted Price's property.

On April 26, 2016, the Township and Yantko filed preliminary objections to the amended complaint. The preliminary objections contended that

---

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

Price's action was time-barred under the applicable statutes of limitations.[3] The trial court agreed and dismissed all counts against the Township and Yantko on September 8, 2016.

On September 28, 2016, Lee's Plumbing filed an answer and new matter, raising the statute of limitations defense to Counts 5 and 6. Thereafter on October 13, 2016, Lee's Plumbing filed a motion for judgment on the pleadings. On January 25, 2017, the trial court granted the motion and dismissed the remaining counts of the amended complaint.

On appeal,[4] Price argues that the trial court erred on procedural grounds in dismissing the counts against the Township and Yantko because the statute of limitations defense was raised via preliminary objections rather than in new matter as required by Pa.R.C.P. No. 1030(a).[5] This Court has previously held that "where an affirmative defense is clear on the face of the pleadings, it may be addressed by

---

[3] In addition to raising a statute of limitations defense, the Township and Yantko also raised additional objections relating to immunity, capacity to bring suit, and legal sufficiency of the amended complaint. The trial court did not rule on these additional objections.

[4] When this Court considers whether preliminary objections in the nature of a demurrer were properly sustained, our standard of review is *de novo* and the scope of review is plenary. *Mazur v. Trinity Area School District*, 961 A.2d 96, 101 (Pa. 2008). "Our standard of review of an order granting or denying a motion for judgment on the pleadings is plenary." *Tobias v. Halifax Township*, 28 A.3d 223, 225 n. 4 (Pa. Cmwlth. 2011).

[5] Noting that Price's filed opposition to the statute of limitations defense was procedurally irregular as well, the trial court nevertheless considered the merits of the parties' positions. Pursuant to Pa.R.C.P. No. 1028(b), a party should file preliminary objections to raise the "failure of a pleading to conform to law or rule. . . ." Price did not file a pleading titled "preliminary objections" in response to the preliminary objections filed by the Township and Yantko. Rather, Price filed a document titled "Plaintiff's Opposition to Menallen Township and John R. Yantko's Preliminary Objections." Regardless of the label, the pleading filed by Price appears to be the functional equivalent of preliminary objections.

3

the court at the preliminary objection stage." *Scavo v. Old Forge Borough,* 978 A.2d 1076, 1078 (Pa. Cmwlth. 2009) (citation omitted). However, as will be discussed below, the affirmative defense at issue is not sufficiently clear on the face of the pleading in this case to implicate the exception to the general rule.

Price also argues that the trial court erred on substantive grounds by dismissing the counts against the Township and Yantko as time-barred because Price did not learn of the demolition of the residence on the property until July 2014. Price contends that, under the discovery rule, the statute of limitations clock did not begin to run until that time.

> As a matter of general rule, a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period. . . Thus, the statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations. . . [E]ven though a person may not discover his injury until it is too late to take advantage of the appropriate remedy, this is incident to a law arbitrarily making legal remedies contingent on mere lapse of time. Once the prescribed statutory period has expired, the party is barred from bringing suit unless it is established that an exception to the general rule applies which acts to toll the running of the statute.
>
> The "discovery rule" is such an exception, and arises from the *inability* of the injured, *despite the exercise of due diligence,* to know of the injury or its cause. Thus, in a case of subsurface injury in which, unknown to the plaintiff, the defendant removes coal from his land via access originating on the defendant's land, the inability of

4

the plaintiff, despite the exercise of diligence, to know of the trespass, tolls the running of the statute, for "no amount of vigilance will enable him to detect the approach of a trespasser who may be working his way through the coal seams underlying adjoining lands," and until such time as the plaintiff discovers, or reasonably should have discovered, the trespass, the running of the statute tolled. . . Likewise, in a case of medical malpractice involving the failure of a surgeon to remove an implement of surgery, it is the inability of the plaintiff to ascertain the presence of the offending implement which prevents the commencement of the running of the statute, for "[c]ertainly he could not open his abdomen like a door and look in; certainly he would need to have medical advice and counsel." . . . The salient point giving rise to the equitable application of the exception of the discovery rule is the inability, despite the exercise of diligence by the plaintiff, to know of the injury. A court presented with an assertion of applicability of the "discovery rule" must, before applying the exception of the rule, address the ability of the damaged party, exercising reasonable diligence, to ascertain the fact of a cause of action.

*Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 468 A.2d 468, 471 (Pa. 1983) (citations omitted) (emphasis in original).

Thus, Price's discovery rule argument requires consideration of his ability with reasonable diligence to learn of the alleged injury, the demolition of the residence on the Property. Upon a review of the opinion in support of the order of September 8, 2016, there is no indication that the trial court considered whether Price was able with diligence to discover the demolition. Rather, the trial court determined that all of Price's claims were subject to two-year limitation periods, and that Price failed to commence his action until more than two years from the time of demolition.

5

We note that Price's amended complaint avers that he "is a disabled person" who resides in Johnstown. (Amended Complaint, 4/6/16, ¶ 1). Price also alleges that he was not provided with notice of the demolition. (Amended Complaint, 4/6/16, ¶¶ 10, 18 and 19).

> [W]hen a court is presented with the assertion of the discovery rules application, it must address the ability of the damaged party, exercising reasonable diligence, to ascertain that he has been injured and by what cause. . . . Since this question involves a factual determination as to whether a party was able, in the exercise of reasonable diligence, to know of his injury and its cause, ordinarily, a jury is to decide it. . . Where, however, reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law. . .

*Fine v. Checcio,* 870 A.2d 850, 858-59 (Pa. 2005) (citations omitted).

The facts alleged in the amended complaint regarding the circumstances of Price and his discovery of the demolition are very sparse. At this stage it would be premature to hold that reasonable minds would unanimously agree on the question of "what might [Price] have known, by the use of the means of information within his reach, with the vigilance the law requires of him." *Scranton Gas & Water Company v. Lackawanna Iron & Coal Company,* 31 A. 484, 485 (Pa. 1895). "While reasonable diligence is an objective test, '[i]t is sufficiently flexible . . . to take into account the difference[s] between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question.'" *Fine*, 870 A.2d at 858 (quoting *Crouse v. Cyclops Industries*, 745 A.2d 606, 611 (Pa. 2000)).

6

"Our review of a trial court order sustaining preliminary objections on the basis that the law will not permit recovery (demurrer) is whether on the facts alleged the law states *with certainty* that no recovery is possible." *Scavo,* 978 A.2d at 1078 n. 2 (emphasis added) (citing *Hawks by Hawks v. Livermore¸* 629 A.2d 270 (Pa. Cmwlth. 1993)). This Court "must accept as true all well pled allegations and material facts averred in the complaint as well as inferences reasonably deductible therefrom and any doubt should be resolved in favor of overruling the demurrer." *Id.* Applying this standard of review, we cannot agree with the trial court's conclusion that the amended complaint shows with certainty that the statute of limitations bars recovery from the Township and Yantko because it remains unclear from the amended complaint whether the discovery rule could have tolled the statute of limitations. In this case, the factual question of whether Price was able with the exercise of reasonable diligence to know of his injury and its cause must be addressed before the legal question of the applicability of the statute of limitations may be reached.

Price likewise argues that the trial court erred in its order of January 25, 2017, granting the motion of Lee's Plumbing for judgment on the pleadings based on the applicability of the statute of limitations to Price's claims. "Our scope of review of an order granting a motion for judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether questions of material fact remain outstanding, such that the case should have gone to the jury." *Tobias v. Halifax Township*, 28 A.3d 223, 225 n. 4 (Pa. Cmwlth. 2011).

7

Lee's Plumbing argues that the discovery rule was inapplicable in this case because Price "was capable of identifying the injury through the exercise of the slightest diligence, to wit, looking at the property." (Lee's Plumbing brief, 6/13/17, at 11.) However, as discussed above, questions of fact remain outstanding in this case: whether and when Price *was* capable of discovering the demolition with the exercise of reasonable diligence. The amended complaint alleges (1) that Price did not learn of the demolition until July 2014; (2) that Price has a disability; and (3) that Price resides in a county different from that of the Property site. "The salient point giving rise to the equitable application of the discovery rule is the *inability*, despite the exercise of diligence by the plaintiff, to know of the injury." *Pocono*, 468 A.2d at 471 (emphasis added).

The ability of Price to ascertain his alleged injury remains in question at this point in this case. "Whether the statute of limitations has run on a claim is a question of law for the trial court to determine; but the question as to when a party's injury and its cause were discovered or discoverable is for the jury." *Fine*, 870 A.2d at 859. Because a question of material fact remains outstanding with respect to the applicability of the discovery rule, it was error for the trial court to grant the motion of Lee's Plumbing for judgment on the pleadings based on the statute of limitations.

For these reasons, we reverse.

_____
J. WESLEY OLER, JR., Senior Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Neil Price, Individually and on behalf : 
of Freedom Ring Land Management : 
Trust, : 
                 Appellant : 
   : 
          v. : No. 221 C.D. 2017
   : 
Menallen Township, John R. Yantko, : 
RTK Officer, Menallen Township : 
Supervisors, and Individually and : 
Lees' Plumbing & Excavating, Inc. : 

## O R D E R

AND NOW, this 8th day of December, 2017, the orders of September 8, 2016, and January 25, 2017, are REVERSED. This case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

_____
J. WESLEY OLER, JR., Senior Judge